**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02433-WYD-MEH

DALLAS BUYERS CLUB, LLC,

a Texas Limited Liability Company,

        Plaintiff,

   v.

JOHN DOES 2, 4, 9, and 10,

        Defendants.

---

**MOTION FOR EXTENSION OF TIME TO SERVE THE REMAINING DEFENDANTS**
**(AUTHORITY INCORPORATED)**

---

      Pursuant to the provisions of Fed. R. Civ. P. 4(m), as it was effective on the date of the filing of the initial Complaint in this action, November 3, 2015 (docket #1), D.C.COLO.LCivR 6.1, and law, the Plaintiff respectfully requests an additional thirty (31) days (the thirtieth day is a Sunday) beyond the April 1, 2016, date set by the Court in its March 3, 2016 Minute Order [docket #22], or up to and including May 2, 2016, to serve the remaining Defendants in the above-captioned action.[1]  Pursuant to D.C.COLO.LCivR 6.1(b), the Plaintiff states that this is the second request for an extension of time in this action.

      AS GROUNDS THEREFOR, the Plaintiff shows:

---

[1]Fed. R. Civ. P. 4(m) was amended on April 29, 2015, effective December 1, 2015.  However, because this action was filed prior to December 1, 2015, this amendment does not apply to the Plaintiff's service requirement in this civil action.  *See Swan v. Fauvel*, 1015 U.S. Dist. LEXIS 161595, n. 4 (D. Colo. 2016).

1.   All citations to legal authority, all references to the record in this case, all exhibits, and all arguments in the first motion for extension of time [filed March 1, 2016; docket #20] are incorporated herein.

2.   The record in this case shows that despite the Plaintiff's effort  to expedite the production by Internet Service Providers ("ISPs") of identifying information regarding the Defendants, the Plaintiff has not known the identity of any Defendant for more than the 120 days allowed by the applicable Fed. R. Civ. P. 4(m) to effect service [*see* docket #20, ¶6].  Therefore, there is good cause for granting this requested extension of time.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995), *cert. den.*

3.   Although the Plaintiff contends that it has good cause for not having the Complaint in this case served on the remaining Defendants within 120 days after it was filed, even in the absence of good cause, this Court "still has the discretion to direct that service 'be made within a specified time.'" *Id.*; *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); *see also Hernandez v. USF Reddaway*, 2013 U.S. Dist. LEXIS 116576, 2013 WL 4430947 (D. Utah Aug. 16, 2013).  Here, upon information and belief, the remaining Doe Defendants are already on notice of this lawsuit by virtue of having been notified of it by their ISPs.  This kind of mitigating circumstance warrants exercise of this Court's discretion to direct that service be made within a specified time, rather than dismissing the Defendants.  *See Hernandez v USF Reddaway, Id. at* 115676, 2013 WL 4430947, at *1.  Accordingly, for this reason, and because there is a showing of good cause, the Plaintiff requests an extension of time up to and including May 2, 2016, to have the remaining Defendants served.  *Espinoza v.*

*United States*, 52 F.3d 838, 841 (10th Cir. 1995), *cert. den.*

DATED this 31st day of March, 2016.


Respectfully submitted,


/s/ *David J. Stephenson, Jr.*
David J. Stephenson, Jr.
2801 Youngfield St., Suite 300
Golden, Colorado 80401
Telephone: (303) 726-2259
Facsimile: (303) 362-5679
david.thunderlaw@gmail.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected through this system on all counsel of record and interested parties who have entered their appearance in this action and by e-mail to the movant.

By:  /s/ *David J. Stephenson, Jr.*